IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-617-D

| | | |
|---|---|---|
| WILLIAM LAMM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FRANK J. BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On October 31, 2024, William Lamm ("Lamm" or "plaintiff") filed a complaint against the Commissioner of Social Security [D.E. 1]. On April 9, 2025, plaintiff filed a Social Security brief [D.E. 11]. On May 9, 2025, defendant responded [D.E. 13]. On May 23, 2025, plaintiff replied [D.E. 15]. On September 12, 2025, the court referred the matter to a United States Magistrate Judge for a memorandum and recommendation [D.E. 17]. See 28 U.S.C. § 636(b)(1)(B).

On January 5, 2026, Magistrate Judge Robert B. Jones, Jr. issued a memorandum and recommendation ("M&R") [D.E. 18]. In the M&R, Magistrate Judge Jones recommended that the court remand the matter for further consideration. See id. at 12.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315

(quotation omitted). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

Neither party objected to the M&R. Therefore, the court reviews for clear error. The court has reviewed the M&R and the record. There is no clear error on the face of the record. See Diamond, 416 F.3d at 315.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 18]. The court REMANDS the case for further proceedings.

SO ORDERED. This 6 day of February, 2026.

JAMES C. DEVER III
United States District Judge